UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
**Proceeding Memorandum/Order**

**In Re:** Philip I. Stepanian

**Case/AP Number** 15-10780 -FJB

**Chapter** 7

#15 Objection to Homestead Exemption filed by Creditor Wilbur J. Babin, trustee in bankruptcy of George Joseph Porter, Jr. David R. Batiste, Jr., Creditor Brian Stoltz and Creditor John O. Pieksen, Jr. (Nickless, David)
#34 Response filed by Debtor Philip I. Stepanian (A. Ruttenberg)

**COURT ACTION:**

<u>  15    </u> Hearing held

_____ Granted    _____ Approved    _____ Moot

_____ Denied    _____ Denied without prejudice    _____ Withdrawn in open court

_____ Overruled    _____ Sustained

_____ Continued to _____

_____ Proposed order to be submitted by _____

_____ Stipulation to be submitted by_____

_____ No appearance by _____

Show Cause Order    _____ Released    _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

    The Debtor filed a chapter 7 petition on March 4, 2015.  He simultaneously filed Schedule A, which listed his interest in 30 Bates Road, Arlington, Massachusetts, a property he valued at $645,000, subject to a mortgage claim of $139,118 (the "Property"). On his Schedule C, the Debtor claimed a Massachusetts homestead exemption on the Property in the amount of $500,000. On June 5, 2015, Wilbur Babin, a bankruptcy trustee for certain debtors in Louisiana, John O. Pieksen, Jr., Esq. and the law firm of John Pieksen & Assoc., LLC, and Ronnie G. Penton, Esq., parties that allege claims against the Debtor (collectively "Creditors"), filed an objection to the Debtor's claim of homestead exemption on the Property. The basis for the objection, while not at all clear from the objection itself, was further explained in the Creditors' Objection to Debtor's Motion for Sanctions [#38], which I treat as supplemental support for the objection. According to the supplemental support, a Louisiana bankruptcy court found a corporation related to the Debtor violated M.G.L. ch. 93A, which provides relief to those injured by the commission of unfair or deceptive acts or practices, which could include fraud. The Creditors argue that the homestead exemption should be disallowed because it was the Debtor himself that engaged in the fraud that resulted in the findings of the court in Louisiana.  See M.G.L. ch. 188, sect. 3(b)(6) (court may disallow homestead exemption where underlying claim is for a debt incurred by fraud). Because I find that M.G.L. ch. 188, sect. 3(b)(6) is preempted by the Bankruptcy Code, I overrule the objection to the Debtor's claim of homestead exemption.
    In Patriot Portfolio LLC v. Weinstein, 164 F.3d 677 (1st Cir. 1999), the First Circuit applied Owen v. Owen, 500 U.S. 305 (1991) and concluded that Bankruptcy Code sect. 522(c) and (f) preempt M.G.L. ch. 188 sects. 1 and 5. According to the Weinstein court, the only exceptions to exemptions are those detailed by 11 U.S.C. sect. 522(c). The "fraud" exception stated at M.G.L. ch. 188 is not one of the exceptions in the federal statute. Thus, the "fraud" exception in the state homestead exemption law is preempted. And nothing in the decision of Law v. Siegel, 134 S.Ct. 1188 (2014), changes the viability of either the Owen case or the Weinstein case. In fact, Justice Scalia's decision in Law v. Siegel plainly makes it inappropriate for a bankruptcy judge to use "inherent powers" or the broad words of 11 U.S.C. sect. 105(a) to accomplish what the Code does not textually allow, and it bolsters the conclusion that a specific reference in the Bankruptcy Code, such as section 522(c), preempts contrary state law, such as the "fraud" section of the state homestead exemption.  Absent clear congressional directive, it is not for us to import state law into a subject fully and unambiguously occupied by federal law. Thus, the Objection, based as it is on the state homestead statute, must be overruled.

                                        IT IS SO ORDERED:

                                        /s/ Frank J. Bailey

                                        _____ Dated: 08/13/2015
                                        Frank J. Bailey
                                        United States Bankruptcy Judge